**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4177**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARLON T. ANDERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:16-cr-00041-TDS-1)

Submitted: August 25, 2016      Decided: August 29, 2016

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. John Mcrae Alsup, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Tyrone Anderson appeals his sentence of one year and one day of imprisonment, followed by 36 months of supervised release, imposed upon the revocation of his supervised release term. On appeal, Anderson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence. Anderson was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Following a thorough review of the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We review a revocation sentence to determine whether it was within the prescribed statutory range and not "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). In this inquiry, we first determine whether the sentence is procedurally or substantively unreasonable, applying the same general considerations employed when reviewing original sentences. United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006). Only if we determine the sentence is unreasonable need we decide whether it is plainly

2

so.  United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

A revocation sentence is procedurally reasonable if the district court expressly considered the Chapter Seven policy statement range and the pertinent 18 U.S.C. § 3553(a) (2012) factors.  Crudup, 461 F.3d at 440; see 18 U.S.C. § 3583(e) (2012) (detailing applicable § 3553(a) factors).  The court "must provide a statement of reasons for the sentence imposed," although it "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence."  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted).  A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed.  Crudup, 461 F.3d at 440.  We presume that a sentence within the policy statement range is substantively reasonable.  Padgett, 788 F.3d at 373.

Our review of the record reveals that Anderson's sentence is reasonable.  The district court properly calculated the policy statement range and sentenced Anderson within that range and below the statutory maximum.  During the revocation hearing, the court heard testimony from Anderson's brother, discussed Anderson's circumstances with the probation officer and parties, and carefully considered the parties' arguments.  The court

provided a reasoned basis for the sentence it imposed, grounded in the applicable § 3553(a) factors. Although the court declined Anderson's request to continue the matter, its decision to do so, and the length of the sentence imposed, were justified by Anderson's numerous violations and his pattern of continued drug use, despite a prior lengthy sentence and the probation officer's attempts to intervene. Anderson has not rebutted the presumption of substantive reasonableness accorded his within-range sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4